STATE of Missouri, Respondent,

v.

James C. MURPHY, Appellant.

No. KCD 27113.

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Willard B. Bunch, Public Defender, Cenobio Lozano, Jr., Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special JJ.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of trial court denying motion to withdraw pleas of guilty in five felony cases and sentencing appellant, James C. Murphy, to imprisonment in each of such cases.

James C. Murphy was charged in the Jackson County Circuit Court in four separate informations and one indictment as follows:

No. C–42731. Robbery in the first degree with a deadly weapon.

No. C–43390. Burglary in the second degree and stealing in connection therewith.

No. C–43415. Robbery in the first degree with a deadly weapon.

No. C–44489. Escaping jail before conviction.

No. C–43355. Escaping jail before conviction.

Murphy originally pleaded not guilty to each of the charges. On October 30, 1973, he appeared in the Jackson County Circuit Court, represented by the Assistant Public Defender, and withdrew his plea of not guilty in each case and entered pleas of guilty to all of the charges.

In receiving the pleas, the trial court took up each charge separately and questioned the defendant carefully and at length in order to be assured that the plea was entered voluntarily and knowingly. In each case, the defendant stated to the court the factual basis for the charge and acknowledged his participation in each of the offenses. The court ascertained that the defendant knew the range of punishment for each of the charges and repeatedly impressed upon the defendant that, on his plea of guilty, the court would fix his punishment within such limits and that the court was under no obligation with regard to any recommendations from any source whatever as to the punishment. The defendant indicated by his answers that he was aware of the court's function and also stated that his plea was not the result of promises to him by anyone.

The court accepted each plea following his separate questioning of the defendant in each of the charges. The court ordered a presentence investigation and reset the cases for November 30, 1973.

Before any sentence had been imposed, the trial court received a letter from Murphy which it considered a motion to withdraw the pleas, under Rule 27.25, V.A.M.R. On December 14, 1973, a hearing was held on the motion. At the hearing it was shown that defendant, at the time of the entry of the pleas of guilty, was charged in another division of the Jackson County Circuit Court ("O'Leary's Court") with armed robbery and that a jury there had found him guilty on the charge. See *State v. Murphy*, 521 S.W.2d 22 (Mo.App.1975). It is not clear whether the trial of that charge preceded or followed the entry of the pleas, but sentence was imposed in that case some two weeks before the hearing. It was also shown that Murphy was negotiating with federal officials about possible pleas of guilty to two federal bank robbery charges.

In response to his counsel's questioning as to his "understanding" in connection with the pleas here involved, Murphy stated:

"Well, the only understanding I had was that these cases would be held off, until the case that I had in O'Leary's Court—I was sentenced there; and, that these cases could possibly be run concurrent with that. I was trying to plead guilty to federal charges, so I could go to the federal penitentiary."

Murphy also stated that he understood that the prosecutor would recommend to the court that the sentences in these cases run consecutively, but that the total sentences run concurrently with the sentence imposed in Judge O'Leary's Court. The defendant acknowledged that he understood that the prosecutor had no control over the sentence to be set by the court.

Murphy's counsel at the time of the pleas testified that he understood that the prosecutor would make a recommendation that the sentences in the five cases be concurrent with that in O'Leary's Court and that the possible federal charges were then brought up by Murphy for the first time, who indicated that he wanted to serve the federal time before any time for the state charges. No federal charges were in fact filed. The court interrogated counsel as follows:

"Q. * * * Now, for the record, I want you to indicate whether or not the fact is that the only discussion you had with this Court, regarding these sentences, was that this Court would take only valid guilty pleas, voluntary guilty pleas, with the full understanding by everyone that this Court was not bound by any agreement by other people. Isn't that a fair statement of our discussion?

"A. That is a fair statement, Your Honor. I would add—in fairness, I would have to say that the Court, to the best of my recollection, and Mr. Edwards is present, it was your intention to order a pre-sentence investigation in these five matters, as I recall. The reason for that was that that would give the federal authorities, if they so intended to file and proceed against Mr. Murphy under Rule 20, it would give them an opportunity to do so. They declined, as it turns out, to do so.

"Q. And the fact was and is that this Court, in no way, at any time, caused you to believe that any guilty pleas entered by the defendant would subject the defendant to anything but the discretion of this Court, as to sentencing. Now, isn't that correct?

"A. Absolutely."

The court thereupon denied the motion to withdraw the plea in each case and sentenced the appellant as follows:

Cause No. C–42731, robbery, first degree, five years' imprisonment, to be consecutive to the sentence imposed in Cause No. 42595 B, the case in O'Leary's Court.

Cause No. C–43355, escaping before conviction, two years' imprisonment, to be consecutive to that imposed in 42595 B and 42731.

Cause No. C–43390, burglary and stealing, three years' imprisonment for burglary and two years for stealing, to run consecutively, and consecutive to the sentences in 42595 B, 43355 and 42731.

Cause No. C–43415, robbery in the first degree, five years' imprisonment, consecutive to the sentences imposed in 42595 B, 42731, 43355 and 43390.

Cause No. C–44489, escape, two years' imprisonment, consecutive to the sentences in 42595 B, 42731, 43355, 43390 and 43415.

In this court appellant contends that the pleas were not voluntary because the defendant was led to believe that the sentences in those cases could be made concurrent to that imposed in Judge O'Leary's Court, "when in fact the manner in which his pleas were accepted divested the court, as a matter of law, of the authority to impose concurrent sentences by virtue of § 546.480, V.A.M.S., thus rendering the promised recommendation illusory and

without substance." Appellant also contends that the pleas were not knowingly made because he was not advised of the consequences of § 546.480.

These contentions are now cast in a different light, in view of the decision of the Supreme Court en banc, holding § 546.480 unconstitutional. *State v. Baker*, 524 S.W.2d 122 (Mo. banc, decided June 9, 1975). In that case, the court returned to the trial court for resentencing, in the exercise of the court's discretion as to whether the sentences should be concurrent or consecutive, a case in which consecutive sentences had been imposed under the compulsion of § 546.480.

If that procedure is followed in this case, appellant will receive what he now contends he anticipated, i. e., the court's exercise of its discretion as to the terms of the sentences with relation to the punishment in Judge O'Leary's Court. The problem of failing to advise of the consequences of § 546.480 will be nullified because that statute will no longer be a factor.

On this record, it cannot be said that the trial court's refusal to permit withdrawal of the pleas was an abuse of discretion. See *State v. Jackson*, 514 S.W.2d 638 (Mo.App. 1974). However, by according appellant the benefit of resentencing in the light of *State v. Baker, supra,* he will have received all that he claims he expected, in any event.

The judgment of the trial court denying the motion to withdraw the pleas of guilty is sustained. The case is, however, remanded to the trial court for the limited purpose of re-imposition of the sentences by the court in an exercise of discretion whether to impose the sentences in question concurrently or consecutively, including such exercise of discretion with respect to the relationship of the sentences in these cases to the sentence in Judge O'Leary's Court. The defendant will, of course, have the right to be present upon such resentencing and to present such matters as might be relevant to the court's exercise of its discretion.

All concur.