**STATE of Missouri, Plaintiff-Respondent,**

v.

**James C. MURPHY, Defendant-Appellant.**

**No. KCD 28352.**

Missouri Court of Appeals,
Kansas City District.

May 31, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

DIXON, Judge.

This appeal is a sequel to an earlier appeal to this court styled *State v. Murphy* and reported at 525 S.W.2d 609 (Mo.App. 1975). Murphy had pleaded guilty to five felony charges but, before receiving sentence, was convicted of armed robbery in another court. He received a sentence for the armed robbery conviction some two weeks before the imposition of sentence upon the five felony charges. The trial court imposed consecutive sentences on the five felony charges, these sentences to be consecutive to the sentence Murphy received after conviction for armed robbery. This court affirmed the judgment of the trial court denying defendant's motion to withdraw his guilty pleas to the five felony charges, but remanded the case to the trial court for the limited purpose of reimposing sentence since § 546.480, RSMo 1969, had been declared unconstitutional in *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975).

The trial court was directed to exercise discretion in deciding whether the sentences for the five guilty pleas should run concurrently or consecutively and to exercise discretion in deciding whether these sentences should run concurrently or consecutively to the sentence imposed after the conviction for armed robbery.

Upon resentencing, defendant was present and was sentenced in five separate-

ly numbered cases to five separate sentences, each consecutive to the prior sentence. These were exactly the same as the prior sentences but were unquestionably imposed in accordance with our mandate that the trial court exercise discretion on remand.

On this appeal, defendant makes the single point: "The trial court erred in forcing appellant to be convicted on several counts of the information in the same proceeding as the court rule allowing joinder of causes—Rule 24.04—is an unconstitutional enactment in violation of Article V, § 5 of the Missouri Constitution."

Rule 24.04 is not involved in this case, because the crimes to which defendant pleaded guilty were not charged in separate counts on a single indictment or information. Defendant pleaded guilty to five felony charges contained in four separate informations and one indictment. *State v. Murphy*, 525 S.W.2d 609 (Mo.App.1975). He admits such in his statement of facts. Obviously the point has no merit, no error of law appears on this appeal, and an opinion would have no precedential value. The judgment is affirmed. Rule 84.16(b).

All concur.