Brendon ROGERS, Prison No. 34369, Movant,

v.

STATE of Missouri, Respondent.

No. 41097.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 26, 1979.

Philip Heagney, St. Louis, for movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Gordon Ankney, Asst. Circuit Atty., St. Louis, for respondent.

Movant appeals from resentencing pursuant to granted Rule 27.26 motion.

Movant was serving a three to twelve year penitentiary sentence in Illinois. He was "loaned" for criminal proceedings in Missouri. On October 18, 1976, he entered a plea of guilty to robbery first degree by means of a dangerous and deadly weapon. His punishment was assessed at twenty years imprisonment; the sentence was to run concurrently with the Illinois sentence.

Movant was returned to Illinois to serve the remainder of his Illinois sentence. He was released on April 28, 1978, and remanded to Missouri authorities. He was thereafter advised that the Missouri Department of Corrections was without authority to credit him with the time he served in the Illinois prison, approximately eighteen and one-half months.

Movant properly filed his Rule 27.26 motion to vacate the judgment of October 18, 1976, and to withdraw his guilty plea on the ground that he could not be given credit for the time he served in the Illinois prison. His lawyer (hereinafter "Lawyer") prepared proposed findings of fact and conclusions of law which the court below adopted *in toto*. On October 11, 1978, he was ordered to appear for resentencing.

A resentencing hearing was held on October 27, 1978. Movant and Lawyer agreed with the court that the purpose of the hearing was to give movant credit for time he had served in Illinois. The court and Lawyer agreed that the correct figure for time served in Illinois was eighteen months and ten days. The court proposed to Lawyer a sentence of eighteen and one-half years. Lawyer requested and was granted time to consult with his client regarding the proposed eighteen and one-half year sentence. Lawyer then advised the court that he had consulted with his client and affirmed the figure of eighteen months and ten days as the time spent in the Illinois prison.

■ The court below then sentenced movant to eighteen years—almost six

months less than anticipated. Movant now contends he was put in double jeopardy because the court below failed to allow him to withdraw his plea of guilty before resentencing him. Accordingly, he contends he may now be required to serve one sentence of twenty years and a separate sentence of eighteen years.

In order to prevent manifest injustice, a trial court is empowered to vacate and set aside its own sentence and reset the cause to correct its prior sentence where that sentence does not effectuate the clear intent of the parties. *State v. Murphy*, 525 S.W.2d 609, 611–12 (Mo.App.1975); Rule 27.26(i). The court below did exactly that in the present case.

The order of the court below specifically vacated the twenty year sentence and ordered movant to appear for resentencing. The record is clear that the twenty year sentence was vacated and the eighteen year sentence was imposed in its place. We find no double jeopardy.

■ Movant also contends that since the original sentence was not concurrent with the Illinois sentence: (1) he was denied "good time" under § 216.355(1) RSMo. 1969 (since repealed by Mo.Laws 1977); and (2) his right to apply for parole under § 549.261 RSMo. 1969 was delayed until he had served a statutorily prescribed amount of time in the Missouri prison. Movant raised neither of these points at the time of the resentencing. Since movant failed to raise these points at his first opportunity, the matter is not before us for review. *State v. Goforth*, 535 S.W.2d 464, 469 (Mo.App.1976).

The judgment of the court below in resentencing movant to a term of eighteen years is affirmed.

DOWD, P. J., and REINHARD, J., concur.