**Barney J. MORRIS, Respondent,**

v.

**STATE of Missouri, Appellant.**

**No. 56845.**

Supreme Court of Missouri,
Division No. 2.

July 17, 1972.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

Kenneth L. Waldron, Jackson, John P. Lichtenegger, Columbia, Assisting under Supreme Court Rule 13 for appellant.

STOCKARD, Commissioner.

Barney J. Morris has appealed from the order of the trial court overruling his motion to withdraw his plea of guilty to stealing a hog of the value of $58. We reverse and remand.

At the time of arraignment appellant entered a plea of not guilty, and in the discussion with the court concerning the hiring of an attorney he stated: "Well, Your Honor, I don't know nothing about it [the charge of stealing] only what I've heard. I was out when that all taken place." About a month later appellant appeared in court with counsel and the following occurred:

BY THE COURT: Now, Mr. Morris, your attorney says you want to withdraw

your plea of not guilty and enter a plea of guilty, is that right?

DEFENDANT: Yes, sir.

BY THE COURT: This is your own choice to do this?

DEFENDANT: Yes, sir.

BY THE COURT: And are you doing this because you are guilty?

DEFENDANT: Well, from what I've heard, been told—

BY THE COURT: Well, now, listen, you don't need to be heard or told, if you know you are guilty, you are guilty, if you don't, why, I don't want you pleading guilty. I don't want you saying you are guilty.

DEFENDANT: It was done in my truck and I was along, so I am guilty for being there.

BY THE COURT: That's right. Now, has anybody threatened you to make you plead guilty?

DEFENDANT: No.

BY THE COURT: Has anybody promised you anything to get you to plead guilty?

DEFENDANT: No.

■ There was no explanation of the range of punishment; there was no determination whether counsel had explained the consequences of a plea of guilty; and there was no determination of the facts which appellant was admitting by his plea, and that those facts would result in him being guilty of the offense charged. At most, the plea was equivocal. State v. Williams, Mo., 361 S.W.2d 772; State v. Arnold, Mo., 419 S.W.2d 59. It amounted to a legal conclusion on the part of appellant which may or may not have been correct depending on the facts which were not related to the court by the prosecutor or appellant.

■ Although it may be established at the hearing on the motion that the plea was voluntarily and understandingly made, even though the record made at the time does not show full compliance with Rule 25.04, V.A.M.R., State v. Mountjoy, Mo., 420 S.W. 2d 316, no such showing was made in this case. At the hearing appellant testified that on the day of the alleged offense he had been drinking, and that the last thing he could recall that evening was when he was in a tavern. The next thing he could remember was the following morning when he "was back in Van Buren at [his] home in the truck." He denied he was guilty of stealing the hog. He admitted that when the hog was stolen by someone he was in the truck, "otherwise [he] didn't know how [he] got from Lutesville back to Van Buren." Appellant was the only witness at the hearing on the motion, and the above testimony stands unrefuted. The court was not required to believe appellant's testimony, but if it does not, that leaves the record made at the time the plea was accepted affirmatively showing an equivocal plea of guilty. Under these circumstances we are constrained to rule that the trial court's finding that the plea was understandingly entered is clearly erroneous.

The order denying the motion to withdraw the plea of guilty and vacate the sentence is reversed and the cause remanded.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., and DONNELLY, J., concur.

HENLEY, J., concurs in result.