Jack Laverne **FISK**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 35366.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 27, 1974.

Motion for Rehearing or Transfer Denied
Oct. 15, 1974.

Application to Transfer Denied
Dec. 16, 1974.

Joseph Warzycki, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Jefferson City, Brendan Ryan, Circuit Atty., John J. Mohan, Jr., St. Louis, for respondent.

KELLY, Judge.

On March 20, 1972, appellant (hereinafter referred to as the defendant) entered a plea of guilty to a charge of murder in the second degree. Sentencing was deferred until May 5, 1972, for a presentence investigation and report. On May 12, 1972, he was sentenced to imprisonment for a period of ten years in the custody of the Missouri Department of Corrections. Thereafter on April 4, 1973, defendant filed a motion to vacate or set aside the conviction

and sentence pursuant to Rule 27.26, V.A. M.R.[1] On April 24, 1973, the judge of the trial court, without affording the defendant an evidentiary hearing on his post-conviction motion, filed a memorandum opinion including findings of fact and conclusions of law and denied defendant's motion. A timely notice of appeal was filed from this adverse ruling.

On appeal, the sole issue presented is whether the trial court erred in denying defendant's motion for post-conviction relief without an evidentiary hearing. We conclude that the trial court did not so err and therefore affirm.

■ A movant who seeks to withdraw his guilty plea and have his conviction and sentencing set aside pursuant to a Rule 27.-26 proceeding is entitled to an evidentiary hearing unless his motion fails to allege facts sufficient to state a ground for relief, State v. Miner, 498 S.W.2d 814 (Mo.App. 1973), or unless the record conclusively shows that he is not entitled to relief. Rule 27.26(e), Loflin v. State, 492 S.W.2d 770 (Mo.banc 1973), Colbert v. State, 486 S.W.2d 219 (Mo.1972).

A motion of this kind is an independent civil action governed by the Rules of Civil Procedure insofar as applicable. Rule 27.-26(a). It is to be submitted on a form substantially in compliance with a form appended to the Rule and shall include every ground known to the prisoner for vacating, setting aside or correcting his conviction or sentence. Rule 27.26(c). Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, he shall be afforded a prompt evidentiary hearing thereon. Rule 27.26(e).

The defendant, in paragraph 8 of his motion, alleged the following grounds for relief:

"(A). That the guilty plea of the petitioner was made and accepted in violation of petitioners (sic) constitutional rights. . (sic) under the United States Constitution and the Constitution of Missouri: (sic) and in Violation of Supreme Court Rule 25.04 V.A.M.S. (sic).

"(A). . . That the guilty plea so made before the Court was,

"1. Not a voluntary plea.

"2. Was not intelligently made.

"3. Was not fully advised of his constitutional rights by the Honorable Court.

"4. Without a full understanding of the nature of the charge.

"5. Was not properly informed of allowable range of punishment.

"6. Was not properly informed of the nature and essential elements of the offense and charge.

"7. That the plea was made without the understanding of the consequence of the plea.

"8. Was never properly ask (sic) if in fact did commit the offense so stated and charged.

"9. That the plea was made with ignorance, incomprehension and fear.

"10. That the Court had accepted his plea without first addressing him, personally (sic) and without determining if there was actual basis for the plea."

The motion thereafter continued with "Argument in Support" of the aforementioned allegations, and a number of citations in support of said argument.

The trial court, having before it the defendant's motion, the transcript of the plea proceedings, the indictment and the contents of the court file in the plea proceedings, made certain findings of fact and conclusions of law which it incorporated into its memorandum opinion denying defendant's motion for post-conviction relief. The trial court found that Walter L. Brady, an attorney, entered his appearance

---

1. All references to Supreme Court Rules are to V.A.M.R.

on behalf of defendant; that the defendant was charged by indictment with murder in the second degree and also pleaded in said indictment was an allegation that defendant had been previously convicted of a felony, to-wit: burglary and larceny; that on March 20, 1972, the defendant appeared in Division 16 of the City Circuit Court with his attorney, Daniel R. Devereaux, pleaded guilty to the charge of murder in the second degree, and the plea was accepted by the Court; that on May 12, 1972, after the Court had received a presentence investigation report, the Court imposed sentence; that the plea was knowingly, intelligently and voluntarily entered and made and that none of defendant's constitutional rights were violated; that defendant was represented by employed counsel and he could not therefore complain of the conduct of said counsel "absent wilful misconduct amounting to a breach of the attorney-client responsibility;" that the motion was vague, pleaded conclusions and self-serving statements, whereas it must allege facts sufficient to state a claim in order to entitle defendant to a hearing on the issues raised therein; that the burden of proof is on the defendant to establish grounds for relief by a preponderance of the evidence and that manifest injustice resulted from the acceptance of his guilty plea. The trial court then concluded that a review of the transcript of the proceedings, in view of the defendant's age, education, intelligence and experience, caused the trial court to conclude that he was not entitled to the relief sought and that an evidentiary hearing was not required. The motion was thereby overruled.

We are here dealing with a Rule 27.26 proceeding at the pleading stage. The trial court was merely at the threshold and had not as yet arrived at the hearing stage. In determining whether defendant is entitled to an evidentiary hearing we hold that he is *unless* (1) his motion fails to allege facts sufficient to state a ground for relief *or* (2) the record conclusively shows that he is not entitled to the relief he seeks.

■ We conclude that the trial court was correct in holding that the defendant was not entitled to an evidentiary hearing because the record of the plea proceeding together with the allegations contained in his motion conclusively show that he is not entitled to the relief he seeks. We need not then determine whether his motion fails to allege facts sufficient to state a ground for relief.

Each of the grounds stated in his motion relate to compliance with Rule 25.04 which, on the issues presented in this appeal, requires that no judge may accept a guilty plea without first determining that the plea is made voluntarily and with an understanding of the nature of the charge.

The transcript of the plea proceedings on March 20, 1972, conclusively demonstrates that the defendant acknowledged that the attorney there present was his attorney and authorized to enter a plea of guilty to the charge of murder in the second degree on his behalf. The Assistant Circuit Attorney recited the facts from the State's point of view, after which the defendant essentially corroborated the statement of the Assistant Circuit Attorney. The only other factors he added were that the victim was approaching him with something in his hand—what he did not know; that he was fearful that the victim was coming towards him in an effort to hurt him; and at the time he shot the victim the victim was 2 or 3 cars distant from him. The trial court determined the age of the defendant, his marital status, family, employment and education; that he had discussed his plea with his attorney and with his family and understood that if he pleaded guilty he relinquished his right to a jury trial, cross-examination of the witnesses against him by his attorney, presentation of witnesses in his own behalf, his right to testify for himself and the necessity of the State, by its evidence, to convince a jury of twelve people beyond a reasonable doubt that he was in fact guilty of the crime charged in the manner pleaded. The court further explained to him that he was

not merely charged with the shooting of the victim but that he was charged with feloniously, premeditatedly, on purpose and with malice aforethought, and that it was these elements together with the shooting which would make him guilty of the crime charged if proven. The defendant admitted that he knew that by pleading guilty he relinquished any defense he might have to the crime charged, including that of self-defense. The defendant denied that anyone had promised him that any particular disposition would be made of his case in exchange for his plea of guilty and he understood that it was the court that would make the final decision as to what his punishment would be. The Assistant Circuit Attorney, in the presence of the defendant and his counsel, stated the applicable range of punishment upon a conviction of murder in the second degree and the State's recommendation of imprisonment for 10 years in the Department of Corrections. The court was advised of the defendant's prior conviction of burglary in 1956 and his sentence at that time to 2 years imprisonment. In accepting the defendant's plea of guilty the court made a finding that the plea was entered of the defendant's free will, without coercion and upon the advice of counsel. That it was explained to the defendant in open court that by entering a plea of guilty he was relinquishing his right to a trial and any defense that he might interpose and that the defendant indicated that he so understood. That there was a factual basis in the State's evidence whereby a jury could reasonably find that the shooting was not self-defense; that the court found that there were no promises made or given to the defendant in exchange for his plea of guilty. Sentence was deferred and a presentence investigation obtained before imposition of sentence. Allocution was granted. Counsel for the defendant stated that he knew of no legal reason why sentence should not be imposed.

In view of the foregoing we conclude that the record made by the court on March 20, 1972, of the plea proceedings is sufficient to conclusively show that the defendant's plea to the offense of murder in the second degree was made voluntarily and with an understanding of the nature of the charge and further shows that the defendant is not entitled to the relief he seeks under Rule 27.26.

We have read the cases cited by defendant's counsel on appeal and find none of them controlling in view of the record in this case. In Morris v. State, 482 S.W.2d 459 (Mo.1972) there was no explanation of the range of punishment, no determination whether counsel had explained the consequences of a guilty plea, nor of the facts which appellant was admitting by his plea, and that these facts so admitted would result in his being guilty of the offense charged. In State v. Arnold, 419 S.W.2d 59 (Mo.1967) the defendant was merely asked if he was present in a car at the time of the commission of the crime—obtaining a narcotic drug by means of a false prescription. In *Arnold,* the defendant, in response to a question by the court, responded that he "did not know anything" about the fact that the "other man" was in the drugstore getting a forged prescription filled. The transcript of the plea failed to show that the court explained, or that the appellant understood the consequences of his plea or assented to it; no explanation of the range of punishment was included and no determination whether counsel had explained the consequences of the plea appeared. The circumstances related by the Assistant Circuit Attorney did not compel a finding of appellant's guilt of the charge. Here there has been sufficient inquiry to authorize the court to accept a guilty plea consistent with the requirement of Rule 25.04.

Defendant contends that he did not understand the technical elements of the offense charged. Rule 25.04 does not require that the court in accepting a plea, explain each element of the offense. It is sufficient if the accused understands the "nature of the charge." Where the de-

fendant admits facts that would sufficiently constitute the offense to which he pleads guilty, he is thereafter precluded from withdrawing his plea on the grounds that he did not understand the nature of the charge. State v. Conner, 500 S.W.2d 300, 302[1] (Mo.App.1973); Moore v. State, 496 S.W.2d, 810, 812 (Mo.1973); Jones v. State, 471 S.W.2d 223, 228[3–4] (Mo. 1971). The legal elements of murder in the second degree may be presumed from the intentional killing of another with a deadly weapon. State v. Williams, 442 S. W.2d 61 (Mo.banc 1968); State v. Sherill, 496 S.W.2d 321 (Mo.App.1973). We deduce from defendant's answers to the questions propounded to him by the court and transcribed in the plea proceedings that he admitted facts constituting the offense of murder in the second degree; he is therefore precluded from withdrawing his plea of guilty on the grounds that he did not understand the nature of the charge. State v. Conner, *supra*. Defendant, for the first time, in his brief in this court, attempts in argument to infuse into the motion the issue of competency of counsel. His first contention in this respect would indicate a substitution of counsel for the entry of the plea only. This contention is refuted by his statements contained in the transcript of the record, together with portions of the argument in support of his grounds for relief contained in his petition, wherein he refers to Mr. Devereaux as "counsel of petitioner's choice" and states to the court that he had discussed his case with said counsel, had his advice and had authorized said counsel to withdraw his former plea of not guilty and enter a plea of guilty to the charge. While this point was not properly preserved and could be ignored, for that reason we find that it is conclusively refuted by the record in this cause.

We affirm.

DOWD, C. J., and WEIER, J., concur.

SIMEONE, J., not participating.