**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Mitchell JACKSON, Defendant-Appellant.**

No. 36008.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 17, 1974.

Motion for Rehearing or Transfer Denied

Oct. 15, 1974.

---

Charles Kitchen, Public Defender, John
F. Bauer, James C. Jones, Asst. Public
Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael
O'Neal, Stephen D. Hoyne, Phillip Koppe,
Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for
plaintiff-respondent.

DOWD, Chief Judge.

Appeal from the denial of a motion to withdraw a guilty plea made pursuant to Supreme Court Rule 27.25, V.A.M.R. Defendant was sentenced to a term of seven years, to run consecutively with the sentence in another cause not a part of this appeal. We affirm.

On December 8, 1972, defendant Mitchell Jackson was charged by indictment with perjury. At the arraignment on this charge, defendant entered a plea of not guilty. At a later date, a substitute information in lieu of indictment was filed charging defendant under the Second Offender Act with the commission of two prior felony convictions in addition to the perjury charge.[1] On June 1, 1973, defendant appeared before the court with his attorney, withdrew his plea of not guilty, and entered a plea of guilty to the charge of perjury.

During the questioning conducted by the court, which is required under Rule 25.04 before a guilty plea can be accepted, the following exchange occurred:

"The Court: Were any promises made to you by anyone that caused you to plead guilty to this charge?

The Defendant: No, your honor.

The Court: Do you understand, Mr. Jackson, that if any promises had been made to you by anyone, and this would include the Circuit Attorney and your own attorney, in order to induce you to plead guilty to this charge, that the Court would not be bound by these promises?

The Defendant: Yes, your Honor.

The Court: Do you understand that the Judge will set the sentence in this case?

The Defendant: Yes, your Honor."

In other parts of the questioning, defendant further stated that his plea of guilty was being made voluntarily and with an understanding of the nature of the charge against him, as well as the range of punishment for the crime charged.

At the close of the questioning the state presented its recommendation for a sentence of thirty months in the Department of Corrections, the sentence to run concurrent with a fifteen year sentence previously imposed by the court in another cause. On the day of sentencing the court did not follow the state's recommendation, and instead, imposed a sentence of seven years, to run consecutively with the fifteen year sentence.

Immediately after sentencing, defendant moved orally to withdraw his guilty plea. The motion was supported by his counsel's statement that, prior to the plea, the *Circuit Attorney had promised to recommend a thirty month concurrent sentence*. This motion was denied.

Defendant then filed a written motion to set aside sentence, or in the alternative, to withdraw his guilty plea. This motion was supported by defendant's statement that, "Said plea was entered on the representation of the Assistant Circuit Attorney and attorney for the defendant that *defendant would be sentenced to a term of thirty (30) months* . . . ." This motion was also denied.

The oral motion and the written motion are in conflict as to what promise was actually made. On appeal, defendant takes the position of the oral motion: that the Circuit Attorney promised merely to recommend a thirty month concurrent sentence. This promise was kept. Defendant does not claim that there was any representation that defendant was certain to receive the recommended sentence.

Defendant appealed to the Missouri Supreme Court contending that the motion raised questions requiring constitutional construction. Finding lack of jurisdiction,

---

1. The two prior felony convictions charged are: Murder in the Second Degree and Robbery in the First Degree.

the Missouri Supreme Court transferred the appeal to this court.

The sole issue before us is whether the trial court erred in refusing to allow the defendant to withdraw his plea of guilty. It is well established that a defendant may not withdraw his plea of guilty as a matter of right. State v. Mountjoy, 420 S.W.2d 316, 323 (Mo. 1967). After a plea has been properly accepted, it may only be withdrawn to correct manifest injustice. Rule 27.25. The burden is on the defendant to prove by a preponderance of the evidence that manifest injustice has occurred. Johnson v. State, 479 S.W.2d 416, 418 (Mo.1972). Defendant has failed to show that such manifest injustice has occurred.

Defendant's contention is that the failure of the trial court to allow him to withdraw his plea after the court chose not to follow the recommendation of the state constituted manifest injustice. This same contention was argued and laid to rest in the recent case of Brown v. State, 485 S.W.2d 424 (Mo.1972). That case held that the fact that a guilty plea was the result of a plea bargain did not result in manifest injustice upon the trial court's failure to follow the recommendation of the state. The determinative factor in that decision was the fact that the defendant knew that the state's recommendation was not binding upon the court. "If the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be illfounded, he should be permitted to withdraw his plea." Brown v. State, *supra*, at 429. Also see Huffman v. State, 499 S.W.2d 565 (Mo.App.1973).

Here, the trial judge took great pains to assure himself that the defendant knew the court was not bound by any recommendation made by the Circuit Attorney or by defendant's attorney. The trial court's questions were comprehensive and defendant's answers unequivocal. The trial court was not clearly in error

in refusing to allow defendant to withdraw his guilty plea, based on the answers defendant gave at the time of his plea.

Defendant also contends that the action by the trial court in refusing to allow him to withdraw his plea resulted in denying defendant due process of law. The due process clause requires that certain procedural safeguards be maintained before a defendant will be allowed to plead guilty and thus waive his constitutional rights. The defendant, as in this case, is required to have an opportunity for counsel. Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). The defendant must be interrogated in such a manner that the factual basis for the waiver of rights appears in the record. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Promises made by the prosecutor as to the recommendations the government will make must be kept. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). However, there is nothing in the *Santobello* decision which even implies that the court must then be bound by the recommendation. All these tests were met in the instant case. The court specifically informed defendant of his right to trial by jury and his right to be confronted by witnesses in such a trial. Defendant stated to the court that he understood that he had these rights and that he understood that he was waiving these rights if he pleaded guilty. The court specifically informed the defendant that it would not be bound by any promise made to him by either the Circuit Attorney or his own attorney. The defendant stated that he understood that and that he also understood that it would be the judge who would "set the sentence in this case." We cannot say from the record before us that there was any unfairness to defendant so as to deprive him of due process, since the recommendation promised to defendant was in fact made.

Accordingly, the judgment is affirmed.

SIMEONE, WEIER and KELLY, JJ., concur.