Horace W. BONNER, Jr.,
Plaintiff-Movant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 36317.

Missouri Court of Appeals,
St. Louis District.

March 16, 1976.

Motion for Rehearing En Banc or for
Transfer to Supreme Court Denied
April 13, 1976.

Application to Transfer Denied
May 5, 1976.

See also Mo.App., 535 S.W.2d 297, 301.

David Uthoff, St. Louis, for plaintiff-movant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for defendant-respondent.

PER CURIAM.

Horace W. Bonner, Jr., movant, appeals from the judgment of the trial court denying relief upon a motion filed under Rules 27.26 and 27.25.

Movant, along with his brother, Charles Bonner and Kevin Dean, was charged with two counts of murder arising out of the beating deaths of two boys ages 4 and 6; one count for the rape of Stephanie, Sims also referred to as Stephanie Munns, the mother of one of the boys; and another count of assault with intent to kill with malice, arising out of the shooting of Stephanie Sims. All of the acts were alleged to have occurred on December 19, 1972.

On October 9, 1973, the State reduced the charges on the first two counts to murder second degree and the defendant entered a plea of guilty to the four charges pending against him. Upon the recommendation of the Circuit Attorney movant was sentenced to terms of 35 years on each of the two charges of murder in the second degree and on the charge of assault with intent to kill with malice with each of the sentences to run concurrently. He was also sentenced to a term of 5 years on the charge of forcible rape to be served after the termination of the 35 year sentences. The co-defendants who had entered pleas of guilty earlier on the same day received the same sentences.

Some sixteen days after the sentencing the movant filed his "Motion to Set Aside Judgment and Sentence Under Supreme Court Rule 27.26."

Hon. Lackland Bloom, the judge who accepted the guilty pleas, was disqualified. A full evidentiary hearing was had before the Hon. Daniel T. Tillman who made extensive findings of fact and conclusions of law and entered a judgment denying the motion. The hearing on this motion was held on the same date that the motions of the co-defendants were heard because the testimony of certain witnesses was common to all the motions. Our opinion herein is to be handed down simultaneously with those of the other defendants in the underlying case.

■ By the motion movant seeks to set aside the conviction and to withdraw his plea of guilty. This is thus a combined motion under rules 27.25 and 27.26. A judgment of conviction under Rule 27.25 may be set aside and the plea of guilty withdrawn only to correct manifest injustice and the burden is upon the movant to make such proof by a preponderance of the evidence. *State v. Jackson*, 514 S.W.2d 638, 641[1, 2] (Mo.App.1974).

Movant's Points Relied On give us very little in the way of clues as to his contentions of error. The points do not indicate to us what findings are claimed to be erroneous nor why they are claimed to be erroneous. Rule 84.04(d).

We have, because of the heinousness of the crimes involved and the consequences of the convictions of such crimes upon the movant, reluctantly seined the briefs, including movant's pro se supplemental brief, his reply brief, and the voluminous transcript including memoranda of law, in search of movant's contentions. As a consequence we shall undertake to determine whether the court erred in holding that movant had not carried the burden of proving that his plea was not voluntarily made with an understanding of the nature of the charges against him because (1) he was under pressure on the day the plea was entered and as a result he "took four nerve pills, an amount of cocaine, a dosage of heroin and an amount of alcohol;" (2) his plea was equivocal; (3) he was coerced into making the plea because the court threatened to impose four consecutive life sentences if the defendant did not enter a plea; (4) his choice of entering the plea as against trying the case was the result of ineffective assistance of counsel because counsel did not prepare a defense and failed to interview witnesses whose names were supplied by movant and did not proceed to get a change of venue because of pre-trial publicity and because he was advised that he would only serve 7 years of the sentences; (5) he was coerced to enter a plea of guilty because of adverse publicity by way of newspaper coverage and television appearances by the Circuit Attorney; and (6) he was promised by his attorney and thereby misled into believing that he would be paroled after 7 years of a 35 year sentence.

In movant's argument we also find a procedural question which we rule first.

It is movant's contention that this proceeding is governed by the Rules of Civil Procedure; that a responsive pleading is required to his motion; and since no responsive pleading was filed, the facts contained in his motion must be taken as admitted and his 27.26 motion should be sustained as a matter of law in accordance with his pro se "Application for Judgment."

■ Rule 27.26(a) does provide that Rules of Civil Procedure shall apply insofar as applicable. *State v. Edmondson*, 438 S.W.2d 237 (Mo.1969). However, the initial pleading required under Rule 27.26 is a motion. The pleadings required under the Rules of Civil Procedure are set out in Rule 55.01.[1] This rule does not require a party to file a responsive pleading to a motion. The rule specifies that no pleadings other than those listed in the rule "shall be required except as ordered by the court." A

1. "*Pleading Required.* There shall be a petition and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party petition, if leave is given to summon a person who was not an original party; and there shall be a third-party answer, if a third-party petition is served. A defense consisting of an affirmative avoidance to any matter alleged in a preceding pleading must be pleaded. No other pleading shall be required except as ordered by the court."

responsive pleading is not required under the Rules of Civil Procedure. The movant did not request and the trial court did not order the State to file a responsive pleading. Rule 27.26 does not require a responsive pleading. Movant's contention is without merit.

We next consider the contention that his plea was not made voluntarily because he was under the influence of drugs and alcohol. Movant testified that while in the jail and prior to going to court he was nervous and "took about four nerve pills . . . and snorted some coke and heroin . . ."

■ The trial court found that movant was not under the influence of drugs or alcohol at the time defendant entered his plea of guilty. The court as the trier of the facts was the judge of the credibility of the witnesses and was not required to believe movant even if his evidence was uncontradicted upon a given issue. *Quinn v. State*, 515 S.W.2d 603 (Mo.App.1974).

■ In this case the finding of the court was supported by other witnesses. His trial attorney testified that Mr. Bonner seemed to be himself, his pupils did not appear to be dilated, he spoke coherently and his speech was not slurred. He was very bright and alert. The judge who took the plea testified that he would not have taken the plea of movant and his co-defendants if he had thought that they were not in complete control of their faculties. Although movant's mother was present with her son at the discussion with respect to the possibility of a plea and was also in the courtroom when movant entered his plea no testimony was elicited from her, at the hearing on this motion with respect to his condition. Movant's co-defendant, Kevin Dean, testified that he saw Horace Bonner on the day he entered his plea but did not know whether Horace was "high".

When we consider the clarity with which movant relates his version of the occurrences of October 9, 1973 and the testimony of the witnesses set out above we cannot say that the finding of the trial court on this issue was clearly erroneous.

■ From movant's argument we ascertain that he next contends that his plea was equivocal because the "Court merely informed Horace Bonner of what the charge in each of the four counts was, and then inquired as to whether a videotape statement was made by Horace Bonner at the time of his arrest." Although this issue was not before the trial court we shall discuss this matter.

We cannot agree that the plea was equivocal. Movant advised Judge Tillman that he had some knowledge of criminal law. He had been through the criminal justice system on two prior occasions. While in prison on prior occasions he had assisted other prisoners with appeals and had filed a motion under Rule 27.26.

At the hearing on the plea of guilty the court advised him of the charges then pending against him. His retained counsel announced that after consultation with movant and members of his family and an explanation of the range of punishment, the defense position, and his constitutional rights, movant wished to plead guilty. Movant acknowledged that he was aware of the charges and that he had conferred with counsel of his choice who had explained his rights to him. The court then asked movant to listen to the Assistant Circuit Attorney's statement of facts. The Assistant Circuit Attorney then made a statement of the facts which he intended to prove. The following then occurred:

"QUESTIONS OF THE DEFENDANT BY THE COURT:

Q. All right, now, you've heard what the Assistant Circuit Attorney has had to say?

A. Yes, Sir.

Q. With respect to Count I you're charged along with Kevin Dean and your brother, Charles—

A. Yes.

Q. That is your brother?

A. Yes, Sir.

Q. —with murdering Leon Rush?

A. Correct.

Q. Specifically they charge that you, acting together with the other two, beat him with a cane until he died. Is that so?

A. Yes, Sir.

Q. In Count II you're charged with murdering Mario Sims and specifically you're charged with the other two [of] beating him with a cane until he died. Is that so?

A. Correct, Your Honor.

Q. In Count III you're charged with making an assault upon Stephanie Sims by throwing a knife at her and shooting at her with the intent to kill her. Is that so?

A. Correct, Your Honor.

Q. And in Count IV you're charged with raping Stephanie Sims, having sexual intercourse with her against her will. Is that so?

A. Correct, Your Honor.

Q. Did you make a confession with respect to these crimes shortly after them which is on video tape?

A. Yes, Sir.

Q. Were you fully advised at the time you made that confession of your rights?

A. Yes, Sir."

After ascertaining in detail that he had been given all of his Miranda [2] rights the court explained the range of punishment on each count. All the elements which were lacking in *Morris v. State,* 482 S.W.2d 459 (Mo.1972) cited by movant were present here. See *Fisk v. State,* 515 S.W.2d 865 (Mo.App.1974). This was not an equivocal plea.

■ While movant's Point IB [3] gives no hint of his contention, in his argument he states:

"Appellant submits that the trial Judge posed the alternative of a forty year sentence if appellant pleaded guilty or a sentence of four consecutive life terms if appellant attempted to prove his innocence by use of a jury trial and failed."

Movant testified that his attorney told him "he talked to the judge about this and the judge said if we proceed to trial before a jury and found guilty that he was going to give us four consecutive life sentences."

The attorney who had been retained to represent movant and his brother, the attorney for Kevin Dean and the Assistant Circuit Attorney discussed a disposition of the case upon pleas of guilty. The Assistant Circuit Attorney agreed that he would reduce the charges of first degree murder to murder in the second degree and that he would recommend 35 year sentences on each of the murder charges, 35 years on the charge of assault with intent to kill and 5 years on the rape charge with all sentences to run concurrently. The attorneys then went to Judge Bloom's chambers and outside the presence of their clients, briefly outlined the evidence and asked the court if he would accept the recommendation. He advised that he would not.

The question of who would assess the punishment in the event of trial was discussed. The defendant's prior felonies had not been pleaded and thus the court advised that the jury would assess the punishment. The Assistant Circuit Attorney had informed counsel that in the event of trial he would recommend that any sentences assessed by a jury be consecutive. The judge in the conversation indicated that he would run any sentences, which a jury might assess, consecutively.

Subsequently counsel for all the parties sought the court's position with respect to a recommendation that all three 35 year sentences be run concurrently with a 5 year sentence on the charge of rape to be consecutive to the 35 year sentences. The court advised that he would accept such a recommendation.

Counsel told his clients of the conversations which he had in the judge's chambers.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. "Appellant's guilty plea was not made voluntarily and should be withdrawn since it was induced by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which proved to be false or ill founded."

He advised them that the judge would run any sentences, assessed by the jury, consecutively. He told them that they could be sentenced to four consecutive life sentences. Movant's mother also testified that counsel told her ". . . it was a possibility that they could get four life sentences . ." Charles Bonner pleaded guilty. The movant requested that the case be tried. The parties were ready to proceed with the preliminary motion to suppress movant's confession when he advised counsel that he wished to enter a plea of guilty.

Confining our opinion to the issue as raised in movant's argument there was ample evidence from which the trial court could find that Judge Bloom did not pose the sentence of forty years upon a plea of guilty as against four consecutive life sentences should movant attempt to prove his innocence. As Judge Bloom put it, ". . . I was not negotiating with these attorneys. I was telling them whether I would or would not accept a plea of guilty on the recommendation of the Circuit Attorney's office." The movant was not present at the conference which the attorneys had with Judge Bloom. In the course of conversation he emphasized that the jury would be assessing the penalties. He then indicated that any sentences which the jury would impose would, under the facts as they were presented to him, be consecutive. The court was warranted in finding that there was no factual basis for the contention of error.

It is also our view that the actions of Judge Bloom in this case are in accord with the American Bar Association's "Standards Relating to Pleas of Guilty" 3.3(b)[4] which were approved by the Supreme Court in State v. Tyler, 440 S.W.2d 470 (Mo. banc 1969). See also Brown v. State, 485 S.W.2d 424, 429 (Mo.1972). The judge permitted counsel to reveal to him the tentative agreement which they had reached and advised them that he would accept the plea on that basis. The Court then accepted the pleas and sentenced defendant in accordance with his commitment.

We also find tacit support for this proceeding in Brady v. U. S., 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), where Mr. Justice White speaking for the majority of the court said at 755, 90 S.Ct. at 1472:

"The standard as to the voluntariness of guilty pleas must be essentially that defined by Judge Tuttle of the Court of Appeals for the Fifth Circuit: '[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).' 242 F.2d [101] at page 115." (emphasis ours).

The fact that the court indicated to counsel that he would sentence movant to consecutive terms if he was found guilty, under the facts as he then knew them, was an honest expression of his present state of mind. It could only assist movant's counsel in assessing his client's position. When movant's counsel advised movant that he could if found guilty, receive four consecutive life sentences, he was only fulfilling his obligations to his client. It was a possibility which movant faced. Only with such frank appraisal could movant assess his sit-

---

4. "If a tentative plea agreement has been reached which contemplates entry of a plea of guilty * * * in the expectation that other charges before that court will be dismissed or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate to the prosecuting attorney and de-

fense counsel whether he will concur in the proposed disposition if the information in the presentence report is consistent with the representations made to him. If the trial judge concurs, but later decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty * * *."

uation and make an intelligent choice. The trial court's findings with respect to this issue were not erroneous.

Movant next contends that his guilty plea was not voluntarily made with an understanding of the nature of the charges because of ineffective assistance of counsel.

At the time this case was set for trial movant's retained counsel had practiced law for ten years. One-half of his practice was in the field of criminal law and he had tried hundreds of cases. He had about 10 to 15 conferences with movant and his brother, Charles. He conducted a voluminous correspondence with movant about the case. He filed numerous pre-trial motions through which he obtained a bill of particulars, the laboratory reports, portions of the police reports, the statements made by movant and his co-defendants, and the production of other evidence. His motion for psychiatric examination was sustained. He obtained a severance so that the statements of the co-defendants would not be placed before the jury. He took the depositions of the State's four principal witnesses.

■ Movant argues as a basis for his contention that counsel told him that, "in the event of trial an appeal would not lie."; "that . . . if a jury trial was elected, then an appeal would be hopeless." In addition to the inconsistency of these contentions movant's counsel testified that he did not make the statements which movant attributes to him. As we have stated before the credibility of the witnesses is a matter for the trial judge to determine. *Quinn v. State, supra.*

On this same issue movant contends that his counsel "did not interview defense witnesses nor did his counsel inform him whether he interviewed all the defense witnesses."

Movant gave his attorney the names of about seven persons. Movant testified that these persons could testify as to the bad character of Stephanie Sims. None of these persons could testify that movant was not at the scene of the crimes or otherwise exonerate him. Movant's attorney wrote letters to all of these persons for whom he had an address. He received no cooperation from these witnesses. He so advised his clients and wrote to their mother who came into the office and went over the list. He wrote the witnesses once more. He spoke to some of the witnesses by telephone. They were not cooperative and in the opinion of counsel they would have been of no material assistance in the defense of the case.

Movant also argues that he discussed the question of excessive publicity with his attorney but he failed to file a motion for change of venue. Counsel testified that Mr. Bonner made no request for a change of venue; that he had considered the question of a change of venue but concluded that there was no other jurisdiction that would have been more desirable. Counsel also noted that movant had filed more than ten pro se pre-trial motions and would have filed an application for change of venue if he had felt it was in his best interest.

As part of his claim of ineffective assistance of counsel he claims that he was misled by counsel who advised him that he would serve only 8 to 10 years if he received the sentences recommended by the Circuit Attorney. Movant's counsel testified that he spoke with movant and his mother and told them that he had reviewed the statistics of the Missouri Department of Corrections which indicated that the average time spent under a life sentence is ten years. He denied that he had promised that movant would spend no more than 8 to 10 years in prison or made any promises to movant. There is no indication that statistical information given by counsel was inaccurate. Movant, who had been in the penitentiary, did not profess ignorance respecting the time which a convict could serve under a given sentence.

■ Once a plea of guilty has been entered the question of effective assistance of counsel is immaterial except to the extent that counsel's ineffectiveness affected the issue of voluntariness and understanding. *Matthews v. State,* 501 S.W.2d 44, 47[7] (Mo.1973). The trial court was

warranted in finding that movant had failed to carry his burden in this respect. Rather the evidence clearly indicates that counsel was diligent in his representation of movant.

■ Movant also argues as a separate issue that excessive adverse publicity resulting from the newspaper coverage and television appearances by the Circuit Attorney regarding the charges made against him was a factor resulting in his entering a plea of guilty. As we stated above movant presented no evidence as to the extent and nature of any publicity. We cannot say that the court erred in finding adversely to movant in this regard.

Movant also argues, as a separate issue, that his attorney told him that if he received the sentences recommended a parole would be received in 7 years and that he was also informed by counsel that "the trial judge concurred in the theory of being paroled after only seven years." Movant's counsel flatly denied that he had made these statements. This contention is similar to one made above. The question of credibility was determined by the trial court adversely to movant's contention. *State v. Quinn, supra.* We cannot say that the court acted erroneously.

■ Movant tenders the following Point Relied On:

"*Appellant's guilty plea was not made voluntarily and should be withdrawn because at the time of the plea the alternative of trial by jury was unlawfully chilled in violation of Amendments V, VI, XIV of the United States Constitution.*"

The point obviously fails to comply with Rule 84.04(d) as it does not point to any finding or conclusion of the court in the 27.26 hearing that was erroneous and wherein and why it is claimed to be erroneous. It does not even tell us what the

original trial court did that he claims is erroneous.

Under this point movant argues:

"Appellant was charged by way of a Grand Jury Indictment consisting of four separate counts, and these offenses were joined under Missouri Supreme Court Rule 24.04. This combined with the interrelationship of § 546.480 R.S.Mo. (1969), creates a situation that limits and unduly chills the exercise of the right to a jury trial, and at the same time creates a situation which unlawfully coerces and pressures a person into entering a plea of guilty."

Even viewing the point as raising an issue it is a matter that was not raised in the motion filed under Rule 27.26 nor was it presented to and ruled upon by the court that heard the motion. This matter is not before us for review. *Maggard v. State,* 471 S.W.2d 161, 162[1] (Mo.1971).

Movant in this case does not profess to have been ignorant of any of his constitutional rights as of the time he entered his plea of guilty. On the contrary he made it quite clear in his testimony that he was widely read in the field of criminal law. The principal thrust of his argument here is that his plea was not voluntary because he was under the influence of drugs and alcohol. When he failed in his proof of this issue all other issues dissipate into the atmosphere from whence they came.

We have reviewed the extensive interrogation of movant at the time of his plea. We have considered the evidence presented at the hearing with respect to this motion including movant's letter to counsel two months before the plea asking him to negotiate for life sentences to run concurrently.[5] The movant at the plea hearing admitted facts sufficient to constitute the crimes to which he pleaded guilty. He thus had an

---

**5.** "Mr. Murry A. Marks, Attorney at Law. Dear Sir, Once again I'm writing in regard to changing my present plea. Since at this point we do not have any sort of defense, it would be fatal to carry our case before a jury, plus the fact that we are not receiving any outside [sic]

from our folks nor my wife. I would like to change my plea from innocent to guilty and would like for you to bargain and see if you can obtain life sentences to run concurrent to each count to total one life sentence. Very truly yours, Horace Bonner."

understanding of the charges against him. *Fisk v. State, supra.*

The basic issue in this case was whether movant's plea was entered voluntarily with an understanding of the nature of the charge, and not whether the judge who accepted the plea followed some particular procedure. As noted we have considered, as we may, the evidence produced at the hearing on this motion in addition to the proceeding at the time the plea was accepted. *Flood v. State,* 476 S.W.2d 529 (Mo. 1972). We cannot say that the court was clearly erroneous in finding that movant's plea of guilty was voluntarily made with an understanding of the nature of the charges. Movant has not demonstrated that he was the victim of manifest injustice. The judgment of the trial court is affirmed.

All Judges concur.