**Robert L. VOGEL, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 37715.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 31, 1976.

Huck, Kasten & LaBeaume, Herbert A. Kasten, Jr., St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chandler, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant appeals from the trial court's denial, without a hearing, of his pro se motion to vacate or set aside his conviction and sentence under Rule 27.26. His sole point on appeal is that the trial court erred in

denying his motion to vacate or set aside his conviction and sentence without having appointed counsel to assist him in the preparation or amendment of his motion.

■ A motion to vacate and set aside a criminal conviction is a civil procedure, not a criminal prosecution, and a movant is not entitled to counsel as a matter of right solely by reason of his indigency. Paragraph (h) of Rule 27.26 does provide, however, that "if a motion presents questions of law or issues of fact, the court shall appoint counsel immediately to assist the prisoner if he is an indigent person. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motion filed hereunder if desired. . . ."

The motion set forth two grounds for relief. Initially, movant alleged he had a prior invalid felony conviction since no attorney was present at the sentencing on that conviction "about 15 years ago." He contended this "invalid" prior conviction enhanced the sentence in this case. Secondly, movant alleged he suffered from ineffective assistance of counsel during the course of the underlying conviction proceedings since his appointed counsel talked to him less than an hour prior to sentencing, did not ask about defense witnesses, refused to investigate the defense, and pressured him into pleading guilty against his will "because she [appointed counsel] refused to act effectively." Movant alleged that he asked the court to replace her but the court refused to do so. He also complained that different appointed counsel represented him at the sentencing, but did not meet with him before sentencing, "so he was not effective." The motion requested the trial court to appoint counsel for him and to hold an evidentiary hearing on the motion.

The trial court filed a memorandum opinion, containing its findings of fact and conclusions of law, and denied the motion without an evidentiary hearing. The court reviewed its own records of the guilty-plea proceedings, and held: "Movant not only comprehended the nature and the charge against him but also freely and voluntarily pleaded guilty to the charge with full understanding and appreciation of his constitutional rights. The Court specifically finds, and does so beyond a reasonable doubt, that Movant was capably and ably represented by an attorney conversant with and experienced in criminal law matters." The trial court deemed movant's allegations to be "vague, indefinite, conclusionary [sic] and unmeritorious," thereby rendering the motion susceptible to summary determination.

In *Smith v. State*, 513 S.W.2d 407, l. c. 411, (Mo.1974) the court affirmed the trial court's dismissal of a Rule 27.26 motion which pleaded grounds much like those now before us. In affirming the dismissal the court held: "A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by the facts elicited at the guilty plea hearing."

And, the movant's allegations here parallel those in *State v. Washington*, 399 S.W.2d 109[5–8] (Mo.1966), affirming the denial of a Rule 27.26 motion without appointing counsel and without an evidentiary hearing on the ground of conclusory allegations.[1] The court held, as the court ruled here, that the allegations in the motion were conclusions. We note also from the trial court's findings, quoted above, that the record of the guilty-plea proceedings showed movant, then defendant, was adequately represented by counsel and voluntarily pleaded guilty to a charge he fully comprehended.

■ The trial court properly found that the Rule 27.26 motion presented no questions of law or issues of fact entitling movant to an evidentiary hearing or the appointment of counsel.

Judgment affirmed.

STEWART and RENDLEN, JJ., concur.

---

1. On the requirement that a Rule 27.26 motion state facts, as distinguished from conclusions, see also *State v. Warren*, 321 S.W.2d 705[5] (Mo.1959), and *State v. Wagoner*, 403 S.W.2d 592[3] (Mo.1966).