Earl CLARK, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39393.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 16, 1979.

Jay R. Burns, Bridgeton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, Asst. Attys. Gen.,

Jefferson City, George A. Peach, Circuit Atty., Richard Poehling, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

A Rule 27.26 appeal.

Movant was convicted on October 30, 1973 by a jury on two counts of robbery in the first degree by means of a deadly and dangerous weapon. He was sentenced to fifteen years on each count in the Missouri Department of Corrections, with the sentences to run consecutively. His conviction was affirmed on appeal. *State v. Clark*, 522 S.W.2d 332 (Mo.App.1975). Reference is made thereto for a more detailed statement of facts.

Movant filed a Rule 27.26 Motion to vacate his sentences. In his motion, movant alleged ineffective assistance of counsel in that his lawyer (1) failed to investigate and discover witnesses for the defense that would substantiate his claim of an alibi, (2) failed to discover through consultation with the police department the existence of other persons resembling movant and employing the same modes of operation used in the robbery and (3) failed to object to cumulative testimony by a police officer as to the lineup identification by the State's witnesses.

The trial court dismissed his motion without appointment of counsel and without an evidentiary hearing.

Movant contends that the trial court erred in dismissing his Rule 27.26 Motion for the reason that (1) there was no return of service, answer or request for dismissal by the State and the dismissal was on the merits without notice and an opportunity to be heard, (2) movant was not afforded an opportunity to amend his motion, (3) his motion stated facts and not conclusions and (4) his motion stated grounds for relief and he was entitled to a hearing and appointment of counsel. We disagree.

█ We first deal with movant's contention that his Rule 27.26 Motion alleged both ultimate facts and evidentiary facts that stated grounds for relief, and that he was

thereby entitled to appointment of counsel and an evidentiary hearing. The allegation that his trial counsel failed to discover three possible alibi witnesses was conclusional and void of any supporting facts. The three witnesses were named and their affidavits attached to the motion; however, such affidavits merely stated that they were available on the day of the trial. There were no detailed facts presented to show in what manner the witnesses could have specifically assisted movant in his claimed alibi. It was not shown what these witnesses would have said to aid movant in his defense. He failed to allege that trial counsel could have discovered these witnesses through reasonable investigation, that they were willing to testify, or as to what facts would have been presented by such witnesses. *Shields v. State*, 491 S.W.2d 6, 9 (Mo.App.1973); *Sherrill v. State*, 515 S.W.2d 611, 613 (Mo.App. 1974); *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974).

█ His allegation that his trial counsel failed to discover through consultation with the police department the existence and identity of other suspects fitting the same general description as appellant with similar modes of operation as used in the crime in question is also without merit. There was no factual allegation that such persons of similar description and modes of operation existed. He did not state that a reasonable investigation would have uncovered such evidence. Neither did he specify how such information would have benefited his defense. The record clearly establishes that his defense counsel did indeed investigate police evidence. *Voegtlin v. State*, 546 S.W.2d 40, 41 (Mo.App.1977).

█ Movant's allegation that his trial counsel failed to object to the testimony of the police officer as to the lineup identification is also contrary to the record. In any event, the mere failure to make objections does not constitute ineffective assistance of counsel. *Nelson v. State*, 537 S.W.2d 689, 695 (Mo.App.1976). The failure to object to cumulative testimony does not result in a substantial deprivation of the right to a fair trial.

Movant's allegations did not present questions of law or issues of fact cognizable under Rule 27.26. He was thus not entitled to counsel nor an evidentiary hearing. There was no denial of his constitutional rights. *Crawford v. State*, 554 S.W.2d 491 (Mo.App.1977). *Vogel v. State*, 541 S.W.2d 87 (Mo.App.1976).

Did the court err in dismissing his motion without notice to movant, without request or answer by the State and without giving movant an opportunity to amend or be heard? Movant contends that the action of the trial court is contrary to the Rules of Civil Procedure. First, movant did not allege sufficient facts to entitle him to appointment of counsel and to an evidentiary hearing. Secondly, a Rule 27.26 Motion is unique.

The court in *Bonner v. State*, 535 S.W.2d 289, 291–292 (Mo.App.1976) held that a Rule 27.26 Motion is indeed a motion in form. This case is determinative and we quote therefrom:

"Rule 27.26(a) does provide that Rules of Civil Procedure shall apply insofar as applicable. *State v. Edmondson*, 438 S.W.2d 237 (Mo.1969). However, the initial pleading required under Rule 27.26 is a motion. The pleadings required under the Rules of Civil Procedure are set out in Rule 55.01. This Rule does not require a party to file a responsive pleading to a motion."

Movant relies on *Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977). *Wheatley* is distinguishable for the reason that movant therein had alleged sufficient facts to entitle him to an appointed counsel. Such counsel had in fact been appointed and was therefore entitled to notice.

There could be no prejudice to movant, for the reason that he was not entitled to the appointment of counsel nor to an evidentiary hearing. His last contention is without merit.

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.