Charles A. BONNER, Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 36393.

Missouri Court of Appeals,
St. Louis District.

March 16, 1976.

Motion for Rehearing En Banc or for Transfer to Supreme Court Denied April 13, 1976.

Application to Transfer Denied May 5, 1976.

David Uthoff, St. Louis, for plaintiff-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City,

Brendan Ryan, Circuit Atty., Nels C. Moss., Jr., Asst. Circuit Atty., St. Louis, for defendant-respondent.

PER CURIAM.

This is a companion case to *Horace W. Bonner, Jr. v. State*, 535 S.W.2d 289 (Mo.Ct. of App., St. Louis District) and *Kevin Dean v. State*, 535 S.W.2d 301 (Mo.Ct. of App., St. Louis District) which are being handed down simultaneously with this opinion. Facts common to all these cases have been more fully set out in the case of *Horace W. Bonner, Jr.*

Movant, Charles Bonner, his brother, Horace Bonner and Kevin Dean entered pleas of guilty to two counts of murder second degree, one count of assault with intent to kill with malice and one count of forcible rape. Upon the recommendation of the Circuit Attorney the court sentenced movant to terms of 35 years on each of the first three counts to be served concurrently and to a term of 5 years on the charge of rape to be served at the termination of the 35 year sentences. Movant's co-defendants also pleaded and received the same sentences.

■ Shortly after his confinement movant filed his, "Motion to Set Aside Judgment and Sentence Under Supreme Court Rule 27.26." By the motion movant seeks to set aside the conviction and to withdraw his plea of guilty. This is thus a combined motion under Rules 27.25 and 27.26. A judgment of conviction under Rule 27.25 may be set aside and the plea of guilty withdrawn only to correct manifest injustice and the burden is upon the movant to make such proof by a preponderance of the evidence. *State v. Jackson,* 514 S.W.2d 638, 641[1, 2] (Mo.App.1974).

Movant's briefs contain the same shortcomings which we noted in the case of *Horace W. Bonner, Jr. v. State, supra.* For the reasons stated in that case we shall here consider whether the trial court erred in denying movant's motion because he had not carried the burden of proving that his plea was not voluntarily made with an understanding of the nature of the charges against him because, (1) prior to pleading guilty, he took five valium tablets and felt drowsy and intoxicated; (2) he was coerced into making the plea because the court threatened to impose four consecutive life sentences if the defendant did not enter a plea; (3) his choice of entering the plea as against trying the case was the result of ineffective assistance of counsel because counsel did not prepare a defense and failed to interview witnesses whose names were supplied by movant and did not proceed to get a change of venue because of pre-trial publicity and counsel advised movant that he would only serve 7 years of the sentences; (4) he was coerced to enter a plea of guilty because of adverse publicity by way of newspaper coverage and television appearances by the Circuit Attorney; and (5) he was promised by his attorney and thereby misled into believing that he would be paroled after 7 years of a 35 year sentence.

■ Movant here tenders the same procedural question which we ruled in *Horace W. Bonner, Jr. v. State, supra.* By his pro se "Application for Judgment" he sought judgment upon the pleading contending that the allegations of his 27.26 motion stood admitted by the State because the State had failed to file a responsive pleading denying those allegations. As we ruled in *Horace W. Bonner, Jr. v. State, supra,* neither Rule 27.26 nor Rule 55.01 mandate a responsive pleading to a motion filed under Rules 27.26 or 27.25. The court did not err in denying the "Application for Judgment."

■ Movant argues that his pleas "were not voluntary and were made without an understanding of the nature of the charge" because prior to pleading guilty he took five valium tablets and felt drowsy and intoxicated. It is obvious that in ruling this issue against movant the trial court gave no credence to movant's testimony. Even when the movant's testimony is the only evidence before the court the court is not bound to accept it as true. *Bradley v. State,* 494 S.W.2d 45, 48 (Mo.1973). In this case the court had reason to reject this testimony. His testimony on this issue

when viewed carefully, lacks conviction.[1] His version of the events and conversations had on the day he entered the plea were most lucid and detailed. On cross-examination Charles Bonner testified that he understood, from his conversation with his attorney that he would probably get 35 years and 5 years consecutive on the last count. The following then occurred:

"Q: (By Mr. Moss) Well, it [valium] didn't affect your understanding in regard to pleading guilty, did it?

A: Not to where I really, actually, you know, couldn't hear what he was saying or understand the words he was saying or what he was saying, not to the extent I would have been too asleep or drunk.

Q: And you were neither of those?

A: I said I was somewhat intoxicated; I didn't say I was drunk.

Q: But you understood what he was telling you?

A: Yes, I did."

None of the persons with whom he had associated on that day, including his mother, testified that he appeared to be drowsy or intoxicated or functionally impaired in any manner. Judge Bloom accepted the plea. He saw nothing about movant to cause him to feel that movant was not in full control of his faculties. We cannot say that the finding of the court was clearly erroneous on this issue.

The next issue which we have drawn from movant's brief is the same as one raised by Horace W. Bonner, Jr.:

"Appellant submits that the trial Judge posed the alternative of a forty year sentence if appellant pleaded guilty or a sentence of four consecutive life terms if appellant attempted to prove his innocence by use of a jury trial and failed."

Movant testified that his attorney told him that if he went to trial the "judge was going to give me four consecutive life sentences." As discussed in *Horace W. Bon-* *ner, Jr. v. State, supra,* the judge did not tell counsel that the defendants in that case would get four consecutive life sentences. He did say that the jury would assess the punishment and that he would run the sentences consecutively. This of course was based upon the version of the facts as presented to him by the attorneys for the parties. The attorney for movant advised him that under the charges he was facing he could receive four consecutive life sentences. The testimony of his attorney was corroborated by movant's mother who testified on behalf of her sons. She stated that when she was with Charles their attorney told them that "it was a possibility that they could get four life sentences." Within the perimeter of the issue raised here we cannot say that the court erred.

Without repeating our discussion in *Horace W. Bonner, Jr. v. State, supra,* what we said there concerning the actions of Judge Bloom is also applicable to this case.

The attorney who represented movant's brother, Horace, was also retained to represent movant. Counsel's preparation and handling of Charles Bonner's case was essentially the same as that with respect to Horace. It will serve no useful purpose to reiterate what we have said on this issue in *Horace W. Bonner, Jr. v. State, supra.* The record reveals that the trial court did not err in finding that the movant failed to carry his burden of proving that this plea of guilty was not voluntarily made with an understanding of the charges because of ineffective assistance of counsel. *Matthews v. State,* 501 S.W.2d 44, 47[7] (Mo.1973).

As in *Horace Bonner, Jr. v. State, supra,* movant also argues as a separate issue that excessive adverse publicity resulting from the newspaper coverage and television appearances by the Circuit Attorney regarding the charges made against him was a factor resulting in his entering a plea of guilty. As we stated above movant presented no evidence as to the extent and

---

1. "Q: How did you feel? [After taking five valium tablets]

A: [by Mr. Bonner] Drowsy, really intoxicated.

Q: Pardon?

A: Somewhat intoxicated."

nature of any publicity. We cannot say that the court erred in finding adversely to movant in this regard.

Movant also argues, as a separate issue, that his attorney told him that if he received the sentences recommended a parole would be received in 7 years and that he was also informed by counsel that "the trial judge concurred in the theory of being paroled after only seven years." Movant's counsel flatly denied that he had made these statements. The question of credibility was determined by the trial court adversely to movant's contention. *Quinn v. State,* 515 S.W.2d 603 (Mo.App.1974). We cannot say that the court acted erroneously.

Following the format of the brief of his brother, Horace W. Bonner, Jr., movant presents us with the following point:

> "*Appellant's guilty plea was not made voluntarily and should be withdrawn because at the time of the plea the alternative of trial by jury was unlawfully chilled in violation of Amendments V, VI, XIV of the United States Constitution.*"

This point presents nothing for our review. *Horace Bonner, Jr. v. State, supra.*

Even if we were to construct an issue from the argument such an issue was not raised in the trial court and thus is not before us. *Maggard v. State,* 471 S.W.2d 161, 162[1] (Mo.1971).

The issue here was not whether the judge who accepted the plea followed some particular procedure, but whether movant's plea was entered voluntarily with an understanding of the nature of the charge. *Flood v. State,* 476 S.W.2d 529 (Mo.1972). We have reviewed the transcript of the hearing upon the plea of guilty and we have considered the evidence produced at the hearing in this proceeding. Movant was familiar with plea proceedings having previously pleaded guilty to another offense. He made a voluntary confession to the crimes charged and at the hearing on the plea admitted facts sufficient to constitute the crimes to which he entered his plea.[2] In accord with *Fisk v. State,* 515 S.W.2d 865, 868[3-6] (Mo.App.1974) the plea was made with an understanding of the nature of the charges against him.

The findings and conclusions of the court were not clearly erroneous. The plea was voluntarily and understandingly made. Movant has suffered no injustice. The judgment is affirmed.

All Judges concur.

2. "Q: Did you make an assault upon one Leon Rush as a result of which he died? Did you participate in that?
A: Yes Sir.
Q: Now, what did you particularly do in that instance? Were you present at the occurrence?
A: Yes, I was present.
Q: Were you in the room at the time?
A: Yes.
Q: Did you see the boy hit with the cane?
A: I hit him.
Q: You hit him?
A: Yes.
Q: Now, with respect to Mario Sims. You heard what the State had to say with respect to Mario Sims. Were you present at the time that Mario Sims was hit with a cane?
A: I hit him, too.
Q: Now, with respect to the assault upon Stephanie Sims did you together with your brother, Horace, and Kevin Dean shoot at Stephanie Sims?
A: Well, I shot at her. I shot her—I missed her once and shot at her the second time.
Q: With respect to Count IV did you together with the other two participants rape Stephanie Sims? Did you have sexual intercourse with her?
A: I had sexual intercourse with her.
Q: To your knowledge did your brother Horace and Kevin Dean have sexual intercourse with her?
A: Not to my knowledge.
Q: The sexual intercourse you had with her—was that against her will?
A: Well, I guess you could say it was against her will.
Q: Well, I don't want you to tell me what I can say. I want you to tell me what you can say. Was it against her will?
A: Yes."