wire." Indeed, the refusal is even more troubling since certiorari has been granted in *United States* v. *Donovan,* 424 U. S. 907 (1976), a case in which the Solicitor General requests that we dilute even further the standard enunciated in *Kahn* for naming the subjects of proposed surveillance. I fail to comprehend how, in light of the above passage from *Kahn,* the Court can undertake that analysis without concomitantly addressing the contours of the minimization requirement. Inaction can only continue evisceration of the statutory mandate and require that Congress take a further and clearly unnecessary step of enacting more legislation to give concrete content to § 2518 (5).

I would grant the petition for certiorari.

No. 75–652. CATERINE *v.* UNITED STATES, 424 U. S. 909;

No. 75–731. SUN OIL CO. ET AL. *v.* PUBLIC SERVICE COMMISSION OF NEW YORK ET AL., 424 U. S. 910;

No. 75–822. THOMPSON *v.* KENTON COUNTY BOARD OF ELECTION COMMISSION ET AL., 423 U. S. 1083;

No. 75–5366. FISHER *v.* DISTRICT COURT OF THE SIXTEENTH JUDICIAL DISTRICT OF MONTANA, IN AND FOR THE COUNTY OF ROSEBUD, 424 U. S. 382;

No. 75–5747. ZIMMERMAN *v.* UNITED STATES ET AL., 424 U. S. 918;

No. 75–5834. HARMON *v.* HODGE, 423 U. S. 1090;

No. 75–5902. REED *v.* UNITED STATES, 424 U. S. 956;

No. 75–6056. BONNER *v.* CIRCUIT COURT OF THE CITY OF ST. LOUIS ET AL., 424 U. S. 946;

No. 75–6098. JACKSON *v.* COURT OF APPEAL OF CALIFORNIA, SECOND APPELLATE DISTRICT, 424 U. S. 957; and

No. 75–6107. JOHNSON *v.* DEPARTMENT OF WATER & POWER ET AL., 424 U. S. 927. Petitions for rehearing denied.