Horace W. BONNER, Jr., Appellant,

v.

Donald WYRICK, Warden, Appellee.

Kevin DEAN, Appellant,

v.

Donald WYRICK, Warden, Appellee.

Charles A. BONNER, Appellant,

v.

Donald WYRICK, Warden, Appellee.

Nos. 76–1982, 76–2127, 77–1075.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 2, 1977.

Decided Oct. 25, 1977.

Robert D. Benjamin, Boardman, Bobinette & Benjamin, St. Louis, Mo., for appellants.

Horace W. Bonner, Jr., pro se.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and ALSOP, District Judge.*

HEANEY, Circuit Judge.

Horace W. Bonner, Jr., Charles A. Bonner, and Kevin Dean appeal the dismissal of their petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254.

The appellants were each charged with two counts of first degree murder, one count of rape and one count of assault with intent to kill with malice. The multiple-count indictment alleged that the appellants beat to death two boys, ages four and six, and shot Stephanie Sims, the mother of one of the boys, after raping her.

On October 9, 1973, the appellants, with their counsel present, pled guilty to two counts of second degree murder, one count of assault with intent to kill with malice and one count of rape. Separate plea proceedings before the Circuit Court of the City of St. Louis were held for each appellant. The court accepted the guilty pleas. Each appellant was sentenced to thirty-five years imprisonment on each of the first three counts, the sentences to run concurrently; and five years imprisonment on the fourth count, the sentence to run consecutively.

Shortly thereafter, the appellants filed motions to set aside the convictions under Missouri Supreme Court Rule 27.26 in the Circuit Court. Extensive evidentiary hearings were held before a Circuit Court judge other than the judge who had accepted the guilty pleas. The Circuit Court denied the 27.26 motions and the Missouri Court of Appeals affirmed. *Bonner v. State*, 535 S.W.2d 289 (Mo.App.1976); *Bonner v. State*, 535 S.W.2d 297 (Mo.App.1976); *Dean v. State*, 535 S.W.2d 301 (Mo.App.1976). Motions for transfer to the Missouri Supreme Court were denied.

The appellants then sought writs of habeas corpus in the United States District Court for the Eastern District of Missouri. The District Court dismissed the petitions for the writ without an evidentiary hearing. The cases were consolidated on appeal.

We affirm.

We initially inquire whether the appellants have exhausted their state remedies as to each issue raised. *See* 28 U.S.C. § 2254(b) and (c); *Eaton v. Wyrick*, 528 F.2d 477 (8th Cir. 1975). After carefully examining the record, we find that they failed to do so with respect to two issues.

The first of these is a claim that the state court judge conducting the post-conviction evidentiary hearing should have disqualified himself because he was a defendant in a federal civil rights action brought by the appellants against all Circuit Court judges of the City of St. Louis. The federal complaint alleged that the judges discriminated against black criminal defendants, including the appellants, by transferring all serious criminal charges involving black defendants

---

* DONALD D. ALSOP, United States District Judge, District of Minnesota, sitting by designation.

to the Circuit Court judge who conducted the appellants' post-conviction evidentiary hearing. It further alleged that the hearing judge then coerced guilty pleas by threatening defendants with a more severe punishment if they insisted on a jury trial.[1] The appellants called the federal suit to the attention of the hearing judge and requested the court to "stop the proceedings" because they did not feel that the hearing judge could be fair to them. Thereafter, conversations occurred between the appellants and the hearing judge which indicate that they may have waived the objection.[2] The hearing proceeded and all substantive issues raised by the appellants were decided adversely to them.

[1]. The action was subsequently dismissed by the District Court and this Court affirmed the dismissal on appeal. *Bonner v. Circuit Court of City of St. Louis, Mo.*, 526 F.2d 1331 (8th Cir. 1975), *cert. denied*, 424 U.S. 946, 96 S.Ct. 1418, 47 L.Ed.2d 353 (1976).

[2]. Kevin Dean stated:

THE WITNESS: Your Honor, I would like at this time to request the Court to stop the proceedings because I have a civil rights complaint currently pending before the United States Eighth Supreme Circuit Court of Appeals in which I have named your Honor as a defendant, so under these circumstances I don't think your Honor could be fair toward me in this division.

\* \* \* \* \* \*

THE COURT: Your request will be denied. Can you point out something that I've done, something to you? Kevin, have I done anything to you that you feel—have I mistreated you in any way?

THE WITNESS: No sir.

THE COURT: Have I done anything wrong to you other than try—have I done everything—is there anything that I've done that you want done otherwise?

THE WITNESS: Sir?

THE COURT: Have I done anything to you that you can complain of? That's a "yes" or "no" answer. Have I done anything to you, sir?

THE WITNESS: No.

THE COURT: Okay. The answer was "no." Let's proceed.

*Post-conviction Hearing Transcript*, pp. 274–275.

Horace Bonner stated:

HORACE BONNER:

\* \* \* \* \* \*

Now you may or may not have been aware that I instituted a civil suit in the Federal District Court. \* \* \* During this time all

The record is not clear, but it appears that the appellants probably did not raise the issue of bias in their appeal to the Missouri Court of Appeals. The appellants proceeded pro se at the post-conviction hearing and in the Missouri Court of Appeals. In the light of all of the circumstances, this Court is reluctant to find that the appellants have, in fact, exhausted their state remedies on the issue of state court bias. Accordingly, the state court should have an opportunity to rule on the issue before it is ruled on by a federal court.[3]

The second issue with respect to which the appellants have failed to exhaust their state remedies is a complex one. Each ap-

the cases [involving black criminal defendants] was [sic] mysteriously transferred to you. As a result of civil rights—now, so after this I filed a so-called order to the Federal Court to the effect that I received information that you had been reported to the United States Justice Department. I also have an affidavit to substantiate that—correction. \* \* \* I just wanted to verify the fact that you have been mentioned in a civil rights complaint.

With all due respect to this Honorable Court, I feel like now that you would be fair and impartial towards both sides in this cause, so I want to direct the record to reflect the only reason I'm proceedings [sic] with this hearing—I pray that you won't let the fact that we have a civil rights suit against you make you unfair to us in this case.

THE COURT: I've indicated to your lawyer that I was unaware of any civil rights case, that I had no ax [sic] to grind one way or the other. I'll call it as I see it, and that's the way I will—

HORACE BONNER: All right, your Honor.

*Post-conviction Hearing Transcript*, pp. 356–357.

The statements of Dean and Bonner obviously raise questions of waiver. Additionally, the good faith of the appellants must be questioned when they failed to request a hearing judge from another court.

[3]. Moreover, disqualification of a judge on the grounds of bias presupposes the ready substitution of an unbiased judge. Where the appellants attempt to disqualify all Circuit Court judges, the legal maxim that where all are disqualified, none are disqualified, may be applicable. *Cf. Pilla v. American Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976); *Turner v. American Bar Ass'n*, 407 F.Supp. 451 (N.D.Tex.1975).

pellant was charged in one indictment which joined the separate counts, as permitted by Missouri Supreme Court Rule 24.04. If an individual is convicted of two or more offenses before sentence is pronounced for either offense, Mo.Ann.Stat. § 546.480 (Vernon) requires consecutive sentences. If separate trials were held on each count of the indictment, sentence would ordinarily be pronounced after each conviction and § 546.480 would be inapplicable. However, where all counts are tried together, the convictions on each count are rendered simultaneously. The trial judge has no opportunity to pronounce sentence after each conviction and § 546.480 applies. Thus, where the defendant is tried and convicted under a multiple-count indictment, he is denied the trial judge's discretion to grant concurrent sentences. If the defendant is charged in a multiple-count indictment, he may utilize the trial judge's discretion to grant concurrent sentences only if he pleads guilty. The appellants argue that this constitutes a penalty for exercising their right to trial by jury.

■ The Missouri Court of Appeals found that the appellants did not raise this issue in their Rule 27.26 motion. Thus, the issue was not properly reviewable by that Court. *Bonner v. State, supra* at 296; *Bonner v. State, supra* at 300; *Dean v. State, supra* at 304. The appellants do not contend that they would be unable to raise this issue in a new Rule 27.26 motion. Nor does the state claim that Rule 27.26 would prohibit this issue from being raised at this time in state court. Since the appellants have failed to exhaust their state remedies on this issue, it cannot be raised in this Court at this time.[4]

[4] The Missouri Supreme Court has now held Mo.Ann.Stat. § 546.480 (Vernon) to be an unconstitutional denial of equal protection of the laws. *State v. Baker*, 524 S.W.2d 122 (Mo. 1975)(en banc). It is for the Missouri courts to determine the impact of this decision on the appellants.

[5] Under Missouri law, the jury fixes the punishment for each offense limiting the trial

[4] The appellants raise five other issues on which they have exhausted their state court remedies. The first issue is that the District Court should have ordered an evidentiary hearing because only a federal court can properly weigh their subsequent testimony concerning their mental state at the time of the guilty pleas. There is no merit to this contention. The appellants do not suggest that they were precluded from introducing all relevant evidence in the state court hearing. Nor do they suggest that additional facts bearing on the question of their state of mind now exist that were unavailable at the state court hearing. *See Toler v. Wyrick*, 563 F.2d 372 (8th Cir. 1977).

The second issue is that the state court judge accepting the guilty pleas coerced them by intervening in the plea bargaining process. The record indicates that appellants' counsel and the prosecutor engaged in extensive plea bargaining. They initially struck a bargain that reduced the two first degree murder charges to second degree murder. Each appellant would then receive a thirty-five-year sentence on each murder charge, a thirty-five-year sentence on the assault charge, and a five-year sentence on the rape charge. The sentences were to run concurrently. After the plea was negotiated, the attorneys appeared before a judge of the Circuit Court of the City of St. Louis and presented the bargain to him. He rejected it. The judge indicated that the seriousness of the crimes required more substantial sentences. He stated that while the jury would assess the sentence for each count in which they rendered a guilty verdict, he "would feel inclined to run the sentences all consecutively."[5]

Shortly thereafter, the attorneys reappeared before the judge stating that they

judge's discretion in sentencing to determining whether the sentences should run concurrently or consecutively. Mo.Ann.Stat. § 546.410 (Vernon). *But see* Mo.Ann.Stat. § 556.280 (Vernon). However, neither the judge nor the appellants seemed to be aware of Mo.Ann.Stat. § 546.480 (Vernon) which would have required the judge to give consecutive sentences.

had arrived at another bargain. Concurrent thirty-five-year sentences would be given on each murder charge and the assault charge. However, the five-year sentence on the rape charge would be consecutive to the thirty-five-year sentences. The judge stated that he would accept the new bargain.

■ There was nothing improper in the judge rejecting the initial plea bargain. Indeed, it was his responsibility to do so if he believed the sentences inadequate in light of the serious nature of the crimes. This is not a case where criminal defendants were threatened with the imposition of severe punishment if they refused to plead guilty. *See Tyler v. Swenson,* 427 F.2d 412, 414 n.1 (8th Cir. 1970); *Euziere v. United States,* 249 F.2d 293 (10th Cir. 1957).

■ The third issue is whether the appellants' guilty pleas were involuntary because they had ineffective assistance of counsel. After reviewing the record, we find this contention without merit. Both counsel for the Bonners and counsel for Dean had extensive experience in criminal law. There was no failure to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *See Bonner v. State, supra; Bonner v. State, supra; Dean v. State, supra. Accord, United States v. Easter,* 539 F.2d 663 (8th Cir. 1976).

■ The Bonners claim their counsel advised them that they would serve only ten years before being paroled. The record clearly indicates that counsel stated this was a statistical average. The Bonners have not contended that the information is inaccurate. Thus, they cannot reasonably maintain they were misled by a false "promise."

■ The fourth issue is that the appellants' guilty pleas were involuntary because they were under the influence of alcohol or drugs at the time they rendered the pleas. The state courts found that the appellants were not drugged or intoxicated when they entered their guilty pleas. The record as a whole supports this determination. More-

over, the appellants' testimony during the Rule 27.26 hearing indicates that they thoroughly understood the guilty plea proceedings.

 The appellants' final contention is that the totality of the circumstances shows the guilty pleas were involuntary. We have examined the record and find that this contention has no merit.

The orders of the District Court dismissing the habeas corpus petitions without an evidentiary hearing are affirmed.