**Horace W. BONNER, Jr.; Charles A. Bonner, Appellants,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary; John D. Ashcroft, Attorney General, State of Missouri, Appellees.**

No. 80–1888.

United States Court of Appeals, Eighth Circuit.

Submitted May 29, 1981.

Decided June 3, 1981.

Rehearing Denied July 6, 1981.

Gail N. Gaus, Clayton, Mo., for appellants.

John Ashcroft, Atty. Gen., State of Mo., Kristie Green, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before BRIGHT, Circuit Judge, GIBSON, Senior Circuit Judge, and HENLEY, Circuit Judge.

PER CURIAM.

Horace W. Bonner, Jr. and Charles A. Bonner appeal the dismissal of their petitions for writs of habeas corpus brought pursuant to 28 U.S.C. § 2254.

The procedural history of this case is somewhat complicated. In 1973 the Bonners were each charged with two counts of first degree murder, one count of rape, and one count of assault with intent to kill with malice.[1] After extensive plea bargaining between their counsel and the prosecutor, the Bonners pleaded guilty to two counts of second degree murder, one count of assault to kill with malice and one count of rape. They each received concurrent sentences of thirty-five years on the murder and assault charges, to be followed by five years on the rape charge.

---

1. One Kevin Dean was also charged in the indictment, and he pleaded guilty and received the same sentence as the Bonners. He has joined the Bonners in other post-conviction litigation, but he is not involved in the instant proceedings.

Less than three weeks after their guilty pleas, the Bonners filed post-conviction relief motions, pursuant to Missouri Rule 27.-26. An extensive evidentiary hearing was held before a trial judge other than the one who accepted the guilty pleas. The Bonners raised various contentions as to why their pleas should be set aside. However, they did not allege that they were coerced into pleading guilty by fear of being sentenced under the provisions of Mo.Rev.Stat. § 546.480, which required imposition of consecutive sentences in the event of more than one guilty verdict after a trial on a multicount indictment.[2]

The state trial court denied any relief, and the Bonners then appealed to the Missouri Court of Appeals. While their state appeals were pending, the Missouri Supreme Court held that Mo.Rev.Stat. § 546.-480 was unconstitutional. *State v. Baker*, 524 S.W.2d 122 (Mo.1975) (en banc).[3] Accordingly, on appeal, the Bonners argued the coercive effect of this statute. The Missouri Court of Appeals rejected this contention because it had not been raised in the trial court, and rejected all other claims as well. (Horace) *Bonner v. State*, 535 S.W.2d 289 (Mo.App.1976); (Charles) *Bonner v. State*, 535 S.W.2d 297 (Mo.App.1976).

The Bonners then petitioned for habeas corpus relief in the United States federal district court. That court rejected all contentions of the Bonners, and this court affirmed. *Bonner v. Wyrick*, 563 F.2d 1293 (8th Cir. 1977), *cert. denied*, 439 U.S. 913, 99 S.Ct. 286, 58 L.Ed.2d 260 (1978). In light of the fact that the claim based on Mo.Rev. Stat. § 546.480 had not been properly raised in the state court, we held that the Bonners

had failed to exhaust their state remedies on this claim. 563 F.2d at 1297.

Accordingly, the Bonners filed new Missouri Rule 27.26 motions. The state trial court denied relief without a hearing, and the Missouri Court of Appeals affirmed. *Bonner v. State*, 595 S.W.2d 393 (Mo.App. 1980). Petitions for transfer to the Missouri Supreme Court and for rehearing were denied.

Having exhausted their state remedies based on the Mo.Rev.Stat. § 546.480 issue, the Bonners again filed petitions for habeas corpus in the United States district court. The case was assigned to a magistrate,[4] who recommended that the petitions be denied without an evidentiary hearing. Based on the transcript of the original Missouri Rule 27.26 hearing, the magistrate concluded that both the sentencing judge and appellants' counsel were oblivious to the mandate of Mo.Rev.Stat. § 546.480, and that the statute played no part in the Bonners' guilty pleas.

The district court[5] adopted the recommendation of the magistrate, and the Bonners filed timely notices of appeal. In this court they contend that Mo.Rev.Stat. § 546.480 impermissibly chilled their constitutional right to a jury trial because it mandated consecutive sentences upon multiple convictions, and they feared imposition of four life sentences. They also contend that the district court and the magistrate erred in considering the severity of their crimes.

In support of their first argument, the Bonners cite *United States v. Jackson*, 390

---

**2.** The statute provided:

When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction.

**3.** In *Baker*, the Missouri Supreme Court declared the statute unconstitutional because the way it classified two kinds of multiple offenders was completely arbitrary. The statute applied only if a defendant was convicted of at

least two offenses before he was sentenced for either offense. In contrast, the defendant who was convicted and sentenced for one crime, and then convicted for another crime, still benefitted from the possibility that the trial judge would impose the second sentence concurrent with the first. 524 S.W.2d at 127–30.

**4.** The Honorable William S. Bahn, United States Magistrate, Eastern District of Missouri.

**5.** The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri.

U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). In that case, the Supreme Court declared unconstitutional the federal kidnapping statute insofar as it provided a mandatory death penalty in cases involving injured victims if a jury verdict should so recommend. The Court stated that "the evil in the federal statute is not that it necessarily *coerces* guilty pleas and jury waivers but simply that it needlessly *encourages* them." *Id.* at 583, 88 S.Ct. at 1217 (emphasis in original). However, in *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Court held that *Jackson* did not compel setting aside all kidnapping guilty pleas entered while the unconstitutional sentencing provision was in effect. The Court declined "to hold ... that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities ...." *Brady, supra* at 751, 90 S.Ct. at 1470.

Although *Brady* involved a guilty plea to a federal crime, the Supreme Court has also

> squarely held that a State may encourage a guilty plea by offering substantial benefits in return for the plea. The plea may obtain for the defendant 'the possibility or certainty ... [not only of] a lesser penalty than the sentence that could be imposed after trial and a verdict of guilty ...,' but also of a lesser penalty than that *required* to be imposed after a guilty verdict by a jury.

*Corbitt v. New Jersey*, 439 U.S. 212, 219–20, 99 S.Ct. 492, 497–98, 58 L.Ed.2d 466 (1978), *quoting Brady v. United States, supra*, 397 U.S. at 751, 90 S.Ct. at 1470 (emphasis in original).

Under the foregoing Supreme Court cases, it is clear that a guilty plea is not invalid simply because it is induced by fear of a greater sentence after trial. Accordingly, the appellants cannot prevail on the claim that they were forced to plead guilty

by the consecutive sentencing statute, even assuming that statute played some role in their decisions to plead guilty.[6]

For the foregoing reasons, the decision of the district court is affirmed.

---

6. We find nothing inappropriate or of decisional significance in the magistrate's consideration of the severity of the crimes involved in this case. We observe only that the heinous nature of the crimes themselves as well as the ages of the two murder victims (four and six) may have contributed to the Bonners' decisions to plead guilty.