## PARK PLACE ENTERTAINMENT CORPORATION, Arthur Goldberg and Clive Cummus, Plaintiffs,

v.

Marlene ARQUETTE, Ella Peters, Dick Peters, Benette White, Louis Gray, Roy Tarbell, David Lazore, Troy Lazore, Henry Gibson, Matt David, Randy Connors, Julius D. Herne, Patty Lazore Mancuso, Noel White, Carolyn Tarbell, Ellene Herne, Glenn Hill, Sr., Barbara Lazore, Phil Tarbell, Kerney Cole, Mary Dianee Lazore, Russell Lazore, Joanne King, Rena Smoke, Charlie Terrance, Irma White Moore, Lois Thomas, Carol Herne and Bryan Garrow, Defendants.

No. 00–CV–0863.

United States District Court, N.D. New York.

Sept. 18, 2000.

Cadwalader, Wickersham & Taft, New York City, Dennis J. Block, of counsel, for Plaintiffs.

Breeze and Rhodes–Devey, P.C., Singerland, NY, Michael Rhodes–Devey, of counsel, for Defendants.

## MEMORANDUM—DECISION & ORDER

McAVOY, District Judge.

## I. Background

### A. The St. Regis Tribe

Historically, the St. Regis Mohawk Tribe (the "Tribe") was governed by a Three Chiefs System of government, under which the Three Chiefs, elected by Tribe Members, acted as the Tribe's governing body. In 1995, the Tribe commenced a referendum election to determine whether it would adopt a Tribal Constitution, creating three branches of tribal government, including a Tribal Court. The terms of the Constitution provided for its own adoption upon certification if 51% of the present and voting tribal members voted in favor of its adoption. On June 6, 1995, the Tribal Clerk allegedly certified that 50.935093% of those voting in the referendum supported

the adoption of the Constitution, yet certified that the Tribal Constitution was adopted by the requisite vote of the Mohawk people.

In June of 1996, another referendum was put before the Mohawk people to determine the validity of the Tribal Constitution. After the votes were tallied, the Tribal Council rescinded its certification of the Constitution and attempted to revert to the historic Three Chief system of government.

In another referendum, the Tribe allegedly voted for a "clean-slate" election to fill the three positions on the Tribal Council, rather than retaining the current Tribal Council officials. On June 29, 1996, the Tribe allegedly elected Chiefs Alma Ransom, Hilda Smoke, and Paul O. Thompson. All of the Tribe did not accept the rejection of the Tribal Constitution and the leaders thereunder. Thus, since 1995, there has been an internal struggle between the Three Chiefs and the Constitutional Government for control of the Tribe. For the purposes of this motion, the Court need not iterate the remainder of the history of the dispute between the two forms of government.

## B. The Underlying Litigation

In this case, Plaintiffs seek to enjoin litigation in the Tribal Court, arguing that the Tribal Court is invalid (as is the Constitutional Government). The underlying litigation in the Tribal Court stems from a letter agreement between Plaintiffs and the Saint Regis Mohawk Tribal Council relating to the construction, development and management of a gaming Casino in Sullivan County, New York. On April 26, 2000, Defendants commenced litigation in the Tribal Court seeking to nullify the letter agreement and requesting an award of billions of dollars in damages.

On June 2, 2000, Plaintiffs commenced the instant action seeking declaratory and injunctive relief. Plaintiffs seek to: (1) enjoin litigation against them in the St. Regis Mohawk Tribal Court; (2) obtain a judicial declaration that (A) Defendants wrongfully instituted the tribal litigation and (B) the St. Regis Mohawk Tribal Court is invalid and without authority to adjudicate the claims asserted in the tribal litigation, and (3) recover the costs of this litigation as well as the litigation before the Tribal Court. Presently before the Court is Plaintiffs' motion for a preliminary injunction.

## II. Discussion

### A. Subject Matter Jurisdiction

■ Before reaching the merits of Plaintiffs' motion for a preliminary injunction the Court will consider whether it has subject matter jurisdiction to hear Plaintiffs' claims. Although Defendants did not oppose Plaintiffs' motion, and have not argued that this Court lacks subject matter jurisdiction over the current controversy, the Court has an independent duty to ensure that jurisdiction is appropriate. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). "In our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir.1983).

■ The burden is on the Plaintiff to prove that jurisdiction is proper in this Court. *See London v. Polishook,* 189 F.3d 196, 199 (2d Cir.1999) ("[W]hen a bona fide dispute is raised as to the presence of federal jurisdiction it is the affirmative burden of the party invoking such jurisdiction ... to proffer the necessary factual predicate—not simply an allegation in a complaint—to support jurisdiction."). Plaintiffs' Complaint states that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. For an action to arise under 28 U.S.C. § 1331, the action must arise under the Constitution, laws, or treaties of the United States. The Complaint does not assert violations of the Constitution, laws, or treaties of the United States. Instead, the Complaint seeks a judicial declaration that the Tribal Court is invalid

and an injunction preventing Defendants from litigating a dispute in the Tribal Court on the basis that, *inter alia*, the Tribal Court is a nullity.[1] Thus, the Court lacks subject matter jurisdiction to resolve the instant dispute. *See Basil Cook Enterprises v. St. Regis Mohawk Tribe*, 117 F.3d 61, 66 (2d Cir.1997) (citing cases); *Tarbell v. Hilda Smoke, et. al.*, 00–CV–0384, Bench Decision (N.D.N.Y. June 12, 2000).

Moreover, "[i]t is clear that much of the dispute herein turns on a power struggle within the Tribe, interpretations of Tribal law, and the validity of various forms of government and the courts established thereunder. These are matters in which the federal courts cannot become involved." *Tarbell*, 00–CV–0384, Bench Decision (N.D.N.Y. June 12, 2000) (citing *Basil Cook*, 117 F.3d at 66). Nothing in *Ransom v. Babbitt*, 69 F.Supp.2d 141 (D.D.C.1999), alters this result.

Because Plaintiffs have not presented a federal question, this Court lacks subject matter jurisdiction over the instant Complaint. Therefore, Plaintiffs' motion for a preliminary injunction is DENIED and the Complaint is dismissed in its entirety.

**IT IS SO ORDERED**

---

1. Significantly, this dispute does not involve a question of the limits of the Tribal Court's jurisdiction, but rather a question of whether the Tribal Court is a valid Tribal authority. The Supreme Court has held that "the federal courts have authority to determine, as a matter 'arising under' federal law, *see* 28 U.S.C. § 1331, whether a tribal court has exceeded the limits of its jurisdiction." *Strate v. A–1 Contractors*, 520 U.S. 438, 117 S.Ct. 1404, 1411, 137 L.Ed.2d 661 (1997) (citing *National Farmers Union Ins. v. Crow Tribe of Indians*, 471 U.S. 845, 852–53, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985)). Moreover, it appears that the underlying dispute is of the type where jurisdiction in a Tribal Court would generally be proper. *See id.* at 1410, 1413 (discussing limits of tribal court jurisdiction and noting that pursuant to *Montana Catholic Missions v. Missoula County*, 200 U.S. 118, 26 S.Ct. 197, 50 L.Ed. 398 (1906), tribes have jurisdiction over non-members who enter into consensual relationships, including contractual relationships, with members); *see also Fisher v. District Court of Sixteenth Judicial District of Montana*, 424 U.S. 382, 386, 96 S.Ct. 943, 47 L.Ed.2d 106, *reh'g denied*, 425 U.S. 926, 96 S.Ct. 1524, 47 L.Ed.2d 772 (1976) (stating that state courts may not exercise jurisdiction over disputes arising out of on-reservation conduct involving non-Indians where doing so would infringe "on the right of reservation Indians to make their own laws and be ruled by them."). Accordingly, because the question presented involves the validity of the Tribal Court rather than the extent of that court's jurisdiction, the Court does not have subject matter jurisdiction pursuant to *National Farmers*.